FILED ✓
LODGED
RECEIVED

**August 4, 2005**

MARK L. HATCHER
CLERK U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
_____ DEPUTY

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re:

ALLAN and DIANA BERRY,

Debtors.

No. 04-50970

**ORDER GRANTING TRUSTEE'S MOTION TO RECONVERT**

This case came before the Court on August 2, 2005, on the Chapter 7 Trustee's (Trustee) Motion to Reconvert Case to Chapter 7, which was joined by the Chapter 13 Trustee. Allan and Diana Berry (Debtors) filed a response to the motion to reconvert through counsel. The Court having considered the arguments and pleadings presented, and having taken judicial notice of the pleadings and documents contained in the Court files for the Western District of Washington in accordance with Fed. R. Evid. 201; the Court grants the Trustee's motion to reconvert.

The Court's decision to reconvert was made after reviewing the Debtors' original Chapter 7 petition and filed schedules and comparing these with the Debtors' amended Chapter 13 petition and schedules, all signed by the Debtors under penalty of perjury. In reviewing the Debtors' original and amended petition and schedules, it is clear that substantial errors have been made in the scheduling, listing and valuing of assets, as well as the reporting of income and expenses. Further, specific unrebutted allegations have been made by both the Chapter 7 and 13 Trustees regarding non-disclosures of assets, fraudulent conveyances, as well as the sale of assets during the pendency of the bankruptcy without Court approval or the knowledge of the Trustee.

Order Granting Trustee's Motion to Reconvert - 1

The Court's usual practice is to schedule an evidentiary hearing if there are disputed issues of fact, particularly when it concerns bad faith allegations by a Trustee. In the instant case, however, the Debtors failed to submit a pleading rebutting even one of the Trustee's allegations. The Debtors' sole response was a statement of counsel that the errors were innocent mistakes and the Court should hold an evidentiary hearing. No affidavit/evidence was filed in support of these alleged "innocent mistakes."

The burden of proof is on the Debtors to establish good faith. This burden has been characterized as "especially heavy" when a superdischarge is sought. In re Warren, 89 B.R. 87, 93 (9th Cir. BAP 1988). Under the limited circumstances of this case, where the Debtors are faced with specific and onerous allegations, this Court does not believe it is proper for the responding party to rest on a mere denial and request for evidentiary hearing, particularly when it is made only by counsel. A responding party, when faced with the type and extent of allegations raised by the Trustee, many of which are clearly supported by the Court file, cannot rest on a mere denial, but must at least present some evidence establishing that there is an issue for hearing. Accordingly, it is hereby

**ORDERED** that cause exists under 11 U.S.C. § 1307(c) and 11 U.S.C. § 105(a) to reconvert this case to a Chapter 7 proceeding. The Trustee's Motion to Reconvert Case to Chapter 7 is granted.

DATED: August 4, 2005

Paul B. Snyder
U.S. Bankruptcy Judge

Order Granting Trustee's Motion to Reconvert - 2